Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND<br><br>        Plaintiffs,<br><br>    v.<br><br>THE RIEGLE PRESS, INC., a Michigan Corporation,<br><br>        Defendant. | CASE NO. 2:17-CV-01225<br><br>**COMPLAINT**<br><br>Collection of Withdrawal Liability pursuant to ERISA Section 4221(b)(1) (29 U.S.C. § 1401(b)(1)) |

## COMPLAINT

Plaintiffs, GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund, for causes of action against Defendant The Riegle Press, Inc., allege as follows:

1

COMPLAINT

**JURISDICTION AND VENUE**

1.      This is an action for collection of withdrawal liability, interest, and attorneys' fees incurred by an employer as a result of a withdrawal from a multiemployer pension plan which action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq*.

2.      This court has jurisdiction over this action under ERISA Sections 502(e), 502(f), and 4301(c), 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3.      Venue lies in this Court under ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the GCIU-Employer Retirement Fund ("Fund") is administered at its principal place of business in Los Angeles, California.

**PARTIES**

4.      Plaintiff Fund is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.      Plaintiff Board of Trustees of the GCIU-Employer Retirement Fund ("Board of Trustees") is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of ERISA Section 402(a), 29 U.S.C. § 1102(a), and is the plan sponsor of the Fund within the meaning of ERISA Sections 3(16)(B)(iii) and 4001(a)(10), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10).  The Board of Trustees administers the Fund at 1200 Wilshire Blvd, 5th Floor, Los Angeles, CA 90017-1906.

6.      Pursuant to ERISA Sections 502(a)(3) and 4301(a)(1), 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Board of Trustees is authorized, as a named fiduciary, to bring this action on behalf of the Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.  The Fund is also authorized to bring this action in its own name pursuant to a provision contained within Article VIII, Section 18 of the Fund's Trust Agreement, which permits all legal actions to be prosecuted in the name of the Fund.  A true and correct copy of the Plaintiff Fund's Trust Agreement is attached hereto as Exhibit 1.

COMPLAINT

7.     Defendant The Riegle Press, Inc., ("Riegle Press") is a corporation organized under the laws of the State of Michigan that is currently active.

8.     At all times relevant to this action, Defendant has been an "employer" as the term is defined by ERISA Section § 3(5), 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, as defined by section 301(a) of the Labor-Management Relations Act, 29 U.S.C. § 185(a).

## CLAIM FOR RELIEF

(Default on Payment Obligation for Withdrawal Liability)

9.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10.     During all relevant times, Riegle Press was a signatory to a Collective Bargaining Agreement with the Graphic Communication Conference of the International Brotherhood of Teamsters, Detroit-Toledo-Lansing-Flint Local 2/289M of District Council 3 under which it was required to make contributions on behalf of its covered employees. A true and correct copy of the Collective Bargaining Agreement is attached hereto as Exhibit 2.

11.     Defendant's obligation to contribute to the Plaintiff Fund ceased in 2010 because Defendant withdrew from participation in the Plaintiff Fund.

12.     As a result, Plaintiffs provided Riegle Press with a Notice of Complete Withdrawal Liability and Demand for Payment ("Notice and Demand") dated September 2, 2011, pursuant to ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1).  The Notice and Demand included a detailed calculation of how the amount of the withdrawal liability assessment was calculated by the actuary, and provided Riegle Press with a payment schedule for the withdrawal liability assessment in accordance with the requirements of ERISA Section 4219(c), 29 U.S.C. § 1399(c). A true and correct copy of the Notice and Demand with the detailed calculations is attached hereto as Exhibit 3.

COMPLAINT

13.    The Notice and Demand informed Defendant of their right to make a lump sum payment of the entire amount or make payments according to a schedule. In accordance with ERISA and the Fund's Withdrawal Liability Procedures, the Fund's actuary determined that the withdrawal liability attributable to Defendant was $2,325,561. Under the payment schedule, Defendant was to make 240 monthly payments of $4,569.50. Alternatively, Defendant could make a lump sum payment of $731,738, the present value of the 240 monthly payments.

14.    Defendant did not exercise its rights under ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A), to ask Plaintiffs to review the assessment, to identify any inaccuracies in the determination of the amount of the assessment, or to furnish any additional information to the Plaintiffs.

15.    Defendant did not initiate arbitration pursuant to ERISA Section 4221(a)(1), 29 U.S.C. § 1401(a)(1) and the time to initiate arbitration has expired.  Consequently, the amounts demanded by the Fund are due and owing pursuant to ERISA Section 4221(b)(1), 29 U.S.C. § 1401(b)(1).

16.    After receipt of Plaintiffs' Notice and Demand, Defendant made forty-three monthly payments of $4,569.50, totaling $196,488.50.

17.    On July 28, 2016, Plaintiffs provided via UPS Second Day Air a Notice of Failure to Pay Withdrawal Liability and Demand for Cure ("Demand for Cure") to Riegle Press in accordance with ERISA Section 4219(c)(5), 29 U.S.C § 1399(c)(5). A true and correct copy of the Demand for Cure is attached hereto as Exhibit 4.

18.     Defendant has failed to cure the required withdrawal liability payment(s) to the Fund and thus is in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5). Accordingly, the entire amount of the withdrawal liability assessment is due and owing.

19.    The failure to make the required withdrawal liability payments subjects an employer to interest, liquidated damages, attorney's fees and costs. Pursuant to Article IX, Sections 6 and 7 of Plaintiff Fund's Trust Agreement, in a collection action the

COMPLAINT

amount of interest is 10% from the date of each payment missed and liquidated damages are 20% of the unpaid total.

20.    By reason of the foregoing, Defendant is indebted to Plaintiffs in the sum of $2,129,072.50, plus interest, liquidated damages, and attorneys' fees

WHEREFORE, Plaintiffs request the following relief:

(i)    the past due withdrawal liability payment of $13;

(ii)    interest in accordance with the Plaintiff Fund's Trust Agreement and in accordance with ERISA Sections 502(g)(2)(B), 4219(c)(5), and 4301(b), 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(5), and 1451(b);

(iii)    liquidated damages provided under the Plaintiff Fund's Trust Agreement and in accordance with ERISA Sections 502(g)(2)(C) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(C) and 1451(b);

(iv)    Plaintiffs' reasonable attorneys' fees and costs of the action incurred herein in accordance with the Trust Agreement and ERISA Sections 502(g)(2)(D) and 4301(e), 29 U.S.C. §§ 1132(g)(2)(D) and 1451(e); and

(v)    Such other legal and equitable relief as the Court deems appropriate.

Dated: February 15, 2017          /s/ Valentina S. Mindirgasova

Kerry K. Fennelly
Valentina S. Mindirgasova
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100
(760) 747-1188
kfennelly@donaldsonandcornwell.com
vmindirgasova@donaldsonandcornwell.com

Attorneys for Plaintiffs

5

COMPLAINT