Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>THE RIEGLE PRESS, INC., a Michigan Corporation,<br><br>Defendant. | CASE NO. 2:17-CV-1225-DMG (PLAx)<br><br>Assigned to the Honorable Dolly M. Gee<br><br>**STIPULATION REGARDING SETTLEMENT AND ENTRY OF CONSENT JUDGMENT** |

This Stipulation Regarding Settlement and Entry of Consent Judgment ("Stipulated Agreement") is entered into by and between Plaintiffs GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund (collectively the "Fund"), and Defendant The Riegle Press, Inc., ("Riegle Press"),

referred to hereinafter collectively as "Party" or "Parties." The Parties hereby stipulate as follows:

WHEREAS, the GCIU-Employer Retirement Fund is a multiemployer pension plan covered by Subtitle E of Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA");

WHEREAS, the Board of Trustees of the GCIU-Employer Retirement Fund is comprised of the present trustees who are the named fiduciaries of the GCIU-Employer Retirement Fund within the meaning of ERISA Section 402(a), and is the plan sponsor of the GCIU-Employer Retirement Fund within the meaning of ERISA Sections 3(16)(B)(iii) and 4001(a)(10);

WHEREAS, Riegle Press is an active corporation organized under the laws of the State of Michigan;

WHEREAS, Riegle Press was a signatory to a collective bargaining agreement pursuant to which it was required to make contributions to the Fund for covered work performed by its employees;

WHEREAS, Riegle Press' obligation to contribute to the Fund ceased in 2010 because it withdrew from participation in the Fund;

WHEREAS, the Fund concluded that Riegle Press effectuated a complete withdrawal from the Fund as of 2010 under ERISA Section 4203;

WHEREAS, by letter dated September 2, 2011, the Fund notified Riegle Press of its conclusion that Riegle Press had withdrawn from the Fund in a complete withdrawal and demanded payment of withdrawal liability from Riegle Press;

WHEREAS, in accordance with the requirements of ERISA Section 4219(c), the Fund's letter included a payment schedule pursuant to which Riegle Press could elect to make two hundred-forty (240) monthly payments of $4,569.50 in lieu of paying its withdrawal liability in a lump sum;

WHEREAS, since the receipt of the Fund's September 2, 2011 letter, Riegle Press has made forty-three (43) payments of $4,569.50 to the Fund;

WHEREAS, on July 28, 2016, the Fund provided Riegle Press with a Notice of Failure to Pay Withdrawal Liability and Demand for Cure in accordance with ERISA Section 4219(c)(5) because Riegle Press has fallen delinquent on its scheduled withdrawal liability payments;

WHEREAS, because Riegle Press failed to cure its delinquency and defaulted on its withdrawal liability payment obligation within the meaning of ERISA Section 4219(c)(5), on February 15, 2017, the Fund filed this Lawsuit;

WHEREAS, on or about February 24, 2017, Riegle Press was served with the Fund's Complaint; and

WHEREAS, the Parties, each wishing to avoid the further expense and uncertainty of continued litigation, have agreed to resolve the disputed issues on the terms set forth below.

NOW, THEREFORE, in consideration of the above recitals, and the mutual promises, covenants, rights and obligations herein contained, and for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree as follows:

1. Riegle Press shall repay in sixty (60) equal monthly installments to the Fund its delinquent twenty-two (22) monthly withdrawal liability payments of $4,569.50 each, totaling $100,529; $9,424.63 in interest on the declining amount at the interest rate prescribed per 29 C.F.R. 4219.33; and $6,768.77 in interest on prior late monthly withdrawal liability payments already made. Each installment will total $1,945.37, with the first installment to be paid by June 15, 2017, and on all other installments on the 15th date of the following month until all sixty (60) installment payments have been made. There is no pre-payment penalty.

2. Riegle Press shall resume its ongoing monthly withdrawal liability payments pursuant to the withdrawal liability schedule previously provided to Riegle Press by the Fund. Pursuant to that schedule and the completion of the repayment plan set forth in Paragraph 1 above, Riegle Press is to make one hundred seventy-five (175)

additional monthly payments with each payment being due by the first of the month; however, the June 2017 payment shall be due by June 15, 2017.

3. All payments outlined in Paragraphs 1 and 2 of this Stipulated Agreement be made payable to the "GCIU-Employer Retirement Fund" and sent to the attention of the Fund's attorneys at Cornwell & Baldwin, 1017 East Grand Avenue, Escondido, CA 92025.

4. In the event that a check for any payment due under this Stipulated Agreement is deemed uncollectible for any reason, attributable to Riegle Press, all future payments shall be made by certified or bank funds and Riegle Press, shall be responsible for any and all costs assessed by the Fund's financial institution as a result of the uncollected transaction.

5. Riegle Press agrees that any of the following occurrences shall constitute a Default under this Stipulated Agreement, but only after given an opportunity and failing to cure said Default as provided below:

    (a) the failure to tender any payment due pursuant to this Stipulated Agreement by its date due as outlined herein;

    (b) the failure of any payment due pursuant to this Stipulated Agreement (in whole or in part) to clear at the Fund's financial institution which failure is attributable to Riegle Press; and/or

    (c) payments (in whole or in part) due under this Stipulated Agreement are required to be returned or turned over to Riegle Press, and/or or a third-party pursuant to an Order of a court of competent jurisdiction.

6. Riegle Press shall be provided an opportunity to cure any breach or Default of this Stipulated Agreement within ten (10) days of the earlier of email or first class mail receipt of a written notice ("Notice") of the Breach or Default by the Fund. The Fund shall provide said Notice of such Breach or Default by email and by first class mail, as contained in Paragraph 9 of this Stipulated Agreement.

7. Cure of Default as referenced herein shall mean full cure of default, to include payment of all amounts due through the cure date, including, but not limited to, amounts that became due after the Notice of Default was sent to Riegle Press. The Fund is not required to provide additional written notice of default in the event a Default is partially cured, including in the event that additional amounts became due under this Stipulated Agreement after the written Notice of Breach or Default was provided. Other than as required by applicable law, the Fund is further not required to warn Riegle Press and/or provide additional notice to Riegle Press prior to taking enforcement steps in the event a Default remains uncured after ten (10) days after written notice of the Default was provided ("Uncured Default").

8. In the event of an Uncured Default, the Fund shall be immediately entitled to entry of a Consent Judgment, in the form annexed hereto as Exhibit A, against Riegle Press, in the amount of $2,325,561 less the total amounts paid by Riegle Press (including prior to this Stipulated Agreement and pursuant to this Stipulated Agreement, but excluding interest payments). Upon entry of the Consent Judgment, the Fund shall serve Defendant with a copy of the Consent Judgment via first class mail, in addition to any other method of service required by law, at the addresses contained in Paragraph 9 of this Stipulated Agreement.

9. Notices or correspondence of any kind required under this Stipulated Agreement to Riegle Press shall be sent by first class mail and email to the following:

> Damion Frasier, Esq.
> Amy J. DeNise, Esq.
> Shedd-Frasier PLC
> G-5121 Flushing Road
> Flushing, Michigan 48433
> Email: dfrasier@sfglaw.net and adenise@sfglaw.net
>
> Chris Carmody
> P.O. Box 207
> Flint MI 48501
> Email: ccarmody@rieglepress.com

10. Riegle Press must provide the Fund with any change of address wherein notices or correspondence of any kind required under this Stipulated Agreement shall be sent. Such notice(s) shall be sent via certified mail, return receipt requested to the attention of the Fund's attorneys at Cornwell & Baldwin, 1017 East Grand Avenue, Escondido, CA 92025.

11. This Stipulated Agreement constitutes an agreement within the meaning of 29 U.S.C. § 1145, and shall be enforceable in federal court and shall be governed by, and construed in accordance with applicable federal laws.

12. This Stipulated Agreement cannot be changed or terminated orally and shall inure to the benefit of and be binding upon the Parties hereto and their respective partners, heirs, distributees, legal representatives, successors and assigns.

13. Riegle Press shall not assert any affirmative defense to payments due hereunder other than (a) actual tender of payment, (b) Cured Default, and/or (c), that the Uncured Default was invalidly declared, and shall not be entitled to object to the Fund's enforcement of this Stipulated Agreement as outlined in Paragraph 8, except as relates to the defenses outlined in this provision.

14. Within fourteen (14) days or such other reasonable time after such request is made, after full payment of all amounts due pursuant to this Stipulated Agreement have cleared at the Fund's financial institution, the Fund shall dismiss the Lawsuit with prejudice.

15. Nothing in this Stipulated Agreement is intended to modify the provisions in 29 C.F.R. 4219.11 governing responsibility for collecting withdrawal liability in the event of termination of the Fund due to a mass withdrawal as defined in ERISA Section 4219(c)(1)(D); or the provisions in 29 C.F.R. 4041A.23 governing responsibility for collecting withdrawal liability (including liability arising from a mass withdrawal) until all plan assets have been distributed or the PBGC determines that Fund assets (exclusive of claims for withdrawal liability) are sufficient to satisfy all nonforfeitable benefits as described in that regulation. However, this Paragraph is not a waiver by

Riegle Press of any argument or defense that it may raise in any proceeding to collect reallocation or redetermination liability under or pursuant to 29 C.F.R. 4219.11, 4219.12, 4219.14, or 4219.15.

16. Riegle Press and their successors in interest, assigns, and affiliated entities, shall be bound by the terms of this Stipulated Agreement.

17. All Parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulated Agreement under the terms and conditions set forth herein, and that they enter into this Stipulated Agreement voluntarily.

18. This Stipulated Agreement shall not constitute a precedent in any other matter.

19. Each individual signing this Stipulated Agreement represents that he or she is fully authorized and empowered to bind the Party on whose behalf he or she has signed.

20. Each Party shall bear its own attorneys' fees and costs with regard to the claims released herein, and the negotiation and execution of this Stipulated Agreement.

21. The Court shall retain jurisdiction of this matter.  By signing this Stipulated Agreement, Riegle Press agrees to the Court's exercise of personal jurisdiction over it for the purpose of enforcing their respective obligations set forth in this Stipulated Agreement and entry of a Consent Judgment in the event of an Uncured Default as provided herein.

22. The Parties request the Court to administratively close this matter, with Fund retaining the right to reopen this matter in the event of an Uncured Default under this Stipulated Agreement.

23. This Stipulated Agreement may be signed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.  The signature page to the Stipulated Agreement may be delivered by facsimile or other electronic transmission and the

signatures thereon shall be deemed effective upon receipt by the intended receiving Party.

24. This Stipulated Agreement states the entire agreement between the Parties and may not be modified except by a writing signed by the Parties.

IT IS SO STIPULATED, ACCEPTED AND AGREED.

Dated: 06/09/2017

*Valentina Mindirgasova*
Kerry K. Fennelly
Valentina S. Mindirgasova
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100
(760) 747-1188
kfennelly@donaldsonandcornwell.com
vmindirgasova@donaldsonandcornwell.com

Attorneys for Plaintiffs

Dated: 6·8·2017

Plaintiffs, GCIU-Employer Retirement Fund, et al.

By: _____
Hugh Gaylord, Chairman

Dated: 6.8.2017

By: _____
Ed Treacy, Secretary

Dated: 6/5/2017

Defendant, The Riegle Press, Inc.

By: _____
Chris Carmody, President

8

STIPULATION REGARDING SETTLEMENT AND ENTRY OF CONSENT JUDGMENT

# EXHIBIT A

Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND,<br><br>Plaintiffs,<br>v.<br><br>THE RIEGLE PRESS, INC., a Michigan Corporation,<br><br>Defendant. | CASE NO. 2:17-CV-1225-DMG (PLAx)<br><br>Assigned to the Honorable Dolly M. Gee<br><br>**CONSENT JUDGMENT** |

Upon agreement by and between the GCIU-Employer Retirement Fund, and the Board of Trustees of the GCIU-Employer Retirement Fund (collectively "the Fund"), on the one hand, and The Riegle Press, Inc. ("Riegle Press"), on the other hand, and pursuant

1

to the terms of a Stipulation Regarding Settlement and Entry of Consent Judgment (the "Stipulated Agreement") entered into by and between the Fund and Riegle Press; and

WHEREAS, by the terms of the Stipulated Agreement, Riegle Press agreed to repay in sixty (60) equal monthly installments to the Fund its delinquent twenty-two (22) monthly withdrawal liability payments of $4,569.50 each, totaling $100,529; $9,424.63 in interest on the declining amount at the interest rate prescribed per 29 C.F.R. 4219.33; and $6,768.77 in interest on prior late monthly withdrawal liability payments already made. Each installment totalling $1,945.37;

WHEREAS, by the terms of the Stipulated Agreement, Riegle Press agreed to resume payment of its ongoing monthly withdrawal liability payments pursuant to the withdrawal liability schedule previously provided to Riegle Press by the Fund. Pursuant to that schedule and the completion of the repayment plan, Riegle Press was to make one hundred seventy-five (175) monthly withdrawal liability payments;

WHEREAS, by the terms of the Stipulated Agreement, Riegle Press also agreed that any of the following occurrences shall constitute a Default under the Stipulated Agreement, but only after Riegle Press receives written notice and is given an opportunity to cure and have failed to cure said Default as provided below:

(a) the failure to tender any payment due pursuant to this Stipulated Agreement by its date due as outlined herein;

(b) the failure of any payment due pursuant to this Stipulated Agreement (in whole or in part) to clear at the Fund's financial institution which failure is attributable to Riegle Press; and/or

(c) payments (in whole or in part) due under this Stipulated Agreement are required to be returned or turned over to Riegle Press, and/or or a third-party pursuant to an Order of a court of competent jurisdiction.

WHEREAS, Riegle Press defaulted under the Stipulated Agreement by virtue of _____;

2

CONSENT JUDGMENT

WHEREAS, Riegle Press was provided an opportunity to cure such Default of the Stipulated Agreement consistent with the terms of the Stipulated Agreement; and

WHEREAS, more than ten (10) days have passed since Riegle Press received written notice of the Default as provided for in the Stipulated Agreement and Riegle Press has not fully cured its Default;

WHEREAS, by the terms of the Stipulated Agreement, upon Uncured Default, the Fund is entitled to judgment against Riegle Press, in the amount of $2,325,561 less the total amounts paid by Riegle Press (including prior to the Stipulated Agreement and pursuant to the Stipulated Agreement, but excluding interest payments); and

WHEREAS, to date, Riegle Press has made payment of $_____ towards $2,325,561;

**NOW, THEREFORE, Judgment is hereby entered in favor of the GCIU-Employer Retirement Fund, and the Board of Trustees of the GCIU-Employer Retirement Fund and against The Riegle Press, Inc., in the amount of $2,325,561, less $_____ paid, for a total of $_____ in judgment.**

SO ORDERED.

Dated:_____       _____
                                  THE HONORABLE DOLLY M. GEE